UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

LUCAS BOOKER,                      )
                                   )
       Plaintiff,              )
                                   )
v.                                 )    No. 2:05-CV-246
                                   )    (Greer/Inman)
UNITED STATES OF AMERICA,          )
                                   )
       Defendant.              )

## MEMORANDUM AND ORDER

This matter came before the undersigned on September 19, 2006 for a telephone conference regarding a discovery dispute.[1] Participating on behalf of the plaintiff was attorney James Bates. Participating on behalf of the government was Assistant United States Attorney Walter Postula.

The parties' discovery dispute involves the production of correspondence between the plaintiff's counsel and the plaintiff's testifying expert, Frank J. Beuerlein, M.D. The government served a subpoena on Dr. Beuerlein on September 12, 2006, seeking the production of "any and all documents, including, but not limited, to all correspondence, emails, reports, draft reports, expert witness fee arrangements, and notes, exchanged or sent between [Dr. Beuerlein] and plaintiff's counsel; original copies of any and all documents and things contained in your files relating to plaintiff; and original color copy of the slides you reviewed."

---

[1] Due to the unavailability of Magistrate Judge Dennis H. Inman, the parties contacted the undersigned for resolution of this discovery dispute.

The plaintiff's counsel, on behalf of Dr. Beuerlein, objects to the defendant's subpoena on the grounds that the documents sought are work product in that they were produced by Dr. Beuerlein for the plaintiff's attorney. Specifically, Dr. Beuerlein objects to the production of a letter dated May 26, 2006 from Dr. Beuerlein to the plaintiff's counsel, a letter which allegedly contains Dr. Beuerlein's "mental impressions, conclusions and opinions concerning this litigation." The plaintiff's counsel represents that this letter was written prior to the date of Dr. Beuerlein's Rule 26(a)(2)(B) report.

The government argues that any documents or notes produced by Dr. Beuerlein for the plaintiff's counsel are not protected by the work product doctrine and should therefore be produced. In support of its argument, the government relies upon the recent Sixth Circuit decision in Regional Airport Authority of Louisville v. LFG, LLC, ___ F.3d ___, 2006 WL 2368323 (6th Cir. Aug. 17, 2006). In that case, the Sixth Circuit held that "Rule 26 creates a bright-line rule mandating disclosure of all documents, including attorney opinion work product, given to testifying experts." Id. at *17. The plaintiff's counsel argues the letter sought by the government in this case was produced by the expert, not produced to the expert, and therefore, the rationale of Regional Airport Authority does not apply.

Generally, the work product doctrine protects from disclosure documents that were prepared in anticipation of litigation by or for a party's attorney. Fed. R. Civ. P. 26(b)(3); In re Antitrust Grand Jury, 805 F.2d 155, 163 (6th Cir. 1986). However, the protection afforded certain documents by Rule 26(b)(3) is limited by Rule 26(b)(4), which authorizes the discovery of expert witnesses who have been retained to testify at trial. See Fed. R. Civ. P. 26(b)(3) (stating that work product doctrine is "[s]ubject to the provisions of subdivision (b)(4) of this rule"). Moreover, the

Advisory Committee Notes to the 1970 amendments that added subsection (b)(4) state, in pertinent part, as follows:

> These new provisions of subdivision (b)(4) repudiate the few decisions that have held an expert's information privileged simply because of his status as an expert. They also reject as ill-considered the decisions which have sought to bring expert information within the work-product doctrine.

(Citations omitted). Thus, it is clear from the plain language of Rule 26, as well as the Advisory Committee Notes related to the amendment adding subsection (b)(4), that documents prepared by an expert witness, including draft reports prepared by that expert, do not enjoy protection under the work product doctrine. See, e.g., Krisa v. Equitable Life Assurance Soc'y, 196 F.R.D. 254, 257 (M.D. Pa. 2000) ("In general, the work-product privilege has been held not to apply to opinions and documents generated or consulted by an expert retained to testify at trial.") (listing cases). Accordingly, the Court finds that any documents or notes produced by Dr. Beuerlein, including the May 26, 2006 letter from Dr. Beuerlein to plaintiff's counsel, are not protected "work product" and therefore must be produced.

**IT IS SO ORDERED.**

**ENTER:**

    s/ H. Bruce Guyton
United States Magistrate Judge